FILED
12/3/2015 3:24:17 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

CIT PPS/CITCML SAC3

NO. __2015CI20000__

| | | |
|---|---|---|
| DEBRA BAKER<br>*Plaintiff*<br>v.<br>ERICK GACHUHI WANJIKU,<br>And<br>CRETE CARRIER CORPORATION<br><br>*Defendants* | § § § § § § § § § | IN THE DISTRICT COURT<br><br>__285TH__ JUDICIAL DISTRICT<br><br><br><br>BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **DEBRA BAKER**, hereinafter called Plaintiff, complaining of and about **ERICK GACHUHI WANJIKU**, and **CRETE CARRIER CORPORATION** hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, **DEBRA BAKER** is Plaintiff who resides in Universal City, Texas.

3. The last three numbers of Plaintiff's driver's license number are 000. The last three numbers of Plaintiff's social security number are 271.

4. Defendant **ERICK GACHUHI WANJIKU**, is an individual residing in Champlin, Hennepin County, MN., at 11035 Louisiana Court, Champlin, MN., 55316, where private process of service may be had upon said Defendant.

5. Defendant, **CRETE CARRIER CORPORATION** is a corporation based in Nebraska, and is organized under the laws of the State of Nebraska, and service of process on the Defendant may be effected pursuant to Sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Timothy G. Aschoff, at



1

400 N.W. 56th Street, Lincoln, NE. 68528 its registered office. Service of said Defendant as described above can be effected by registered mail.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

8. Venue in Bexar County, Texas is proper in this cause under Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county at the time the cause of action accrued.

## FACTS

9. Plaintiff would show the Court that on or about December 17, 2013 both units were travelling opposite each other on the 14803 block of Medusa Street in Selma, Bexar County, Texas. Medusa Street is located in a residential zone and is one lane each way. Suddenly, and without warning, Defendant's 2003 Freightliner Truck drifted into Plaintiff Debra Baker's lane of travel causing a collision thereby causing Plaintiff's injuries that she now complains of. Defendant's left front bumper contacted, Plaintiff's left front area.

## PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST ERICK GACHUHI WANJIKU

10. Defendant, ERICK GACHUHI WANJIKU had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under the circumstances similar to those described herein.

11. Plaintiff's injuries were proximately caused by Defendant, ERICK GACHUHI WANJIKU's negligent, careless and reckless disregard of said duty.

2

12. The negligent, careless and reckless disregard of duty of Defendant ERICK GACHUHI WANJIKU consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant ERICK GACHUHI WANJIKU failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Defendant, ERICK GACHUHI WANJIKU was operating his vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

    C. In that Defendant, ERICK GACHUHI WANJIKU, failed to apply his brakes to his vehicle in a timely and prudent manner and/or wholly failed to apply his brakes in order to avoid the collision in question;

    D. In that Defendant, ERICK GACHUHI WANJIKU failed to use caution when passing another vehicle.

    E. In that Defendant, ERICK GACHUHI WANJIKU failed to maintain driving in a single lane; and

    F. In that Defendant, ERICK GACHUHI WANJIKU violated Selma, Texas City Code Ordinance, Sec. 58-232, by driving a Freightliner in a residential zone.

## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR AGAINST CRETE CARRIER CORPORATION

13.    At the time of the occurrence of the act in question and immediately prior thereto, ERICK GACHUHI WANJIKU was within the course and scope of employment for CRETE CARRIER CORPORATION.

14.    At the time of the occurrence of the act in question and immediately prior thereto, ERICK GACHUHI WANJIKU was engaged in the furtherance of CRETE CARRIER

3

CORPORATION's business.

15. At the time of the occurrence of the act in question and immediately prior hereto, ERICK GACHUHI WANJIKU was engaged in accomplishing a task for which ERICK GACHUHI WANJIKU was employed.

16. Plaintiff invokes the doctrine of <u>Respondeat Superior</u> as against Defendant CRETE CARRIER CORPORATION.

## PLAINTIFF'S CLAIM OF
## NEGLIGENT ENTRUSTMENT AGAINST CRETE CARRIER CORPORATION

17. On December 17, 2013, Defendant CRETE CARRIER CORPORATION was the owner of the vehicle operated by ERICK GACHUHI WANJIKU.

18. Defendant CRETE CARRIER CORPORATION entrusted the vehicle to ERICK GACHUHI WANJIKU, a reckless and incompetent driver.

19. Defendant CRETE CARRIER CORPORATION knew, or through the exercise of reasonable care should have known, that ERICK GACHUHI WANJIKU was a reckless and incompetent driver.

20. As described herein, ERICK GACHUHI WANJIKU was negligent on the occasion in question.

21. ERICK GACHUHI WANJIKU's negligence was the proximate cause of Plaintiff's damages.

## PLAINTIFF'S CLAIM OF
## NEGLIGENCE AGAINST CRETE CARRIER CORPORATION

22. On December 17, 2013, Defendant CRETE CARRIER CORPORATION was the owner of the vehicle operated by ERICK GACHUHI WANJIKU.

23. Defendant, CRETE CARRIER CORPORATION, failed to properly train

ERICK GACHUHI WANJIKU in a manner to insure the safe operation of the vehicle.

## DAMAGES FOR PLAINTIFF, DEBRA BAKER

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, DEBRA BAKER was caused to suffer severe damages to her neck, back, shoulders and body in general, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, DEBRA BAKER for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in BEXAR County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Mental anguish in the past;

J. Mental anguish in the future she will suffer as a result of surgical intervention; and

K. Cost of medical monitoring and prevention in the future.

Plaintiff demands a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DEBRA BAKER respectfully

prays that the Defendant be cited to appear and answer herein by private process, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, for damages in the amount of Three Hundred Seventy Five Thousand ($375,000.00) Dollars, an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may show himself to be justly entitled at law or in equity.

Respectfully submitted,

LAW OFFICES OF SHAWN C. BROWN, P.C.
540 S. St. Mary's Street
San Antonio, TX 78205
Tel. (210) 224-8200 - Telephone
Fax. (210) 224-8214 - Telecopier

By: _____
SHAWN C. BROWN
State Bar No.: 24003613
Attorney for Plaintiff
DEBRA BAKER